**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                **Plaintiff,**<br><br>v.<br><br>BRANDI L. JACKSON,<br><br>                **Defendant.** | Case No. 20-3047-01-CR-S-BCW |

**MOTION OF THE UNITED STATES FOR PRETRIAL
DETENTION HEARING PURSUANT TO TITLE 18,
UNITED STATES CODE, SECTION 3142(f)**

**COMES NOW** the United States of America, by the United States Attorney for the Western District of Missouri, and does hereby move that the Court order a pretrial detention hearing pursuant to 18 U.S.C. § 3142(f), for the purpose of presenting evidence to determine whether any condition or combination of conditions of release will reasonably assure the defendant's appearance as required by the Court and the safety of other persons and the community. As grounds for the motion, the United States submits that:

1. There is probable cause to believe that the defendant committed the offense of assault on a federal officer, in violation of Title 18 United States Code, Section 111, which is a is a "crime of violence" as understood in 18 U.S.C. Section 3142(f)(1)(A);

2. There is a serious risk that the defendant will flee, as described in 18 U.S.C. Section 3142(f)(2)(A); and

3. There is a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror as described in 18 U.S.C. Section 3142(f)(2)(B).

**SUPPORTING SUGGESTIONS**

Subsection 3142(f), of Title 18, United States Code provides that a hearing must be held

by the appropriate judicial officer to determine whether any condition or combination of conditions will reasonably assure the defendant's appearance and the safety of any other person in the community if the attorney for the Government moves for such a hearing and: (1) if the case involves a "crime of violence" for which imprisonment for ten years or more is possible; (2) if there is a serious risk that the defendant will flee, as described in 18 U.S.C. Section 3142(f)(2)(A); or (3) if there is a serious risk that the defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, a prospective witness or juror as described in 18 U.S.C. Section 3142(f)(2)(B).

In determining whether there are conditions of release that will "reasonably assure the appearance of the person as required and the safety of any other person and the community," the judicial officer must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). At such a hearing, the Government bears the burden of proving risk of flight by a preponderance of the evidence, and the burden of proving dangerousness by clear-and-convincing evidence. See 18 U.S.C. § 3142(f); *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir.2003) (citations omitted).

The Government believes that the preponderance of the evidence shows that the defendant is a serious risk to flee. The defendant is charged with assault of a federal officer in violation of 18 U.S.C. Section 111, in which the defendant sought to flee her lawful arrest by attempting to run over a Deputy United States Marshal with her automobile. The weight of the evidence is strong and consists of the eyewitness testimony of two Deputy United States Marshals. Further, the defendant has a history of resisting arrest by fleeing. The defendant was convicted in Greene County Circuit Court in 2019 of felony resisting arrest by fleeing and creating a substantial risk of serious injury or death for which she received a sentence of 5 years' probation, with the imposition of the sentence being suspended. Thus, the defendant was actually on probation when she committed the offense for which she is charged. The Court should detain the defendant as a risk to flee. *See United States v. Apker*, 964 F.2d 742, 744 (8th Cir. 1992)(the district court did not err in finding that Apker's continued detention was warranted under the Act because he poses an unmanageable risk of flight).

The Government also believes that there is clear-and-convincing evidence that the defendant poses a danger to the community. In this case, the defendant is charged with assault of a federal officer, in violation of Title 18, United States Code, Section 111, a crime for which a term of up to twenty years in prison is possible, and which is a crime of violence. As already noted, the weight of the evidence is strong. The defendant's criminal history shows her propensity to flee in a dangerous manner while resisting arrest, thus putting the general public at danger. The

Court should detain the defendant as a danger to the community. *See United States v. Cachucha*, 778 F. Supp. 2d 1172, 1178 (D.N.M. 2011)(defendant should be detained as danger to community because assault with a weapon is a crime of violence and defendant's past criminal activity indicates violent behavior).

For the reasons set forth above, the United States requests that a detention hearing be held and that the defendant be denied bail.

                                                  Respectfully submitted,

                                                  TIMOTHY A. GARRISON
                                                  United States Attorney

                By     */s/ Randall D. Eggert*
                          Randall D. Eggert MOBar #39404
                          Assistant United States Attorney
                          901 St. Louis Street, Suite 500
                          Springfield, Missouri 65806-2511

## Certificate of Service

The undersigned hereby certifies that a copy of the foregoing was delivered on June 15, 2020, to the CM/ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Randall D. Eggert*
Randall D. Eggert
Assistant United States Attorney